IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BARBARA SILVA,

    Plaintiff,

v.                                                                                               No. CV 17-1224 CG

SOCIAL SECURITY ADMINISTRATION,
Nancy A. Berryhill, Acting Commissioner
of Social Security Administration,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant Social Security Administration's, *Motion to Dismiss*, (Doc. 14), filed April 30, 2018, and Plaintiff Barbara Silva's *Motion to Amend the Complaint*, (Doc. 17), filed May 18, 2018.

On December 13, 2017, Plaintiff filed an *Appeal from Determination of the Social Security Administration*, (the "Complaint"). *See* (Doc. 1). Plaintiff alleged the Social Security Administration ("SSA") assigned her a Social Security number ("SSN") previously assigned to another individual. *See* (Doc. 1 at ¶ 13). Plaintiff discovered that she had a judgment entered against her SSN, complained to SSA, and was issued a new SSN. *See* (Doc. 1 at ¶¶ 6, 8). "Over the years, numerous debts would show up on [Plaintiff's] credit report from her old SSN, which the credit bureaus linked." (Doc. 1 at ¶ 11). After Plaintiff filed a Federal Tort Claims Act ("FTCA") Notice against the SSA, the SSA issued a Determination denying Plaintiff's claims. *See* (Doc. 1 at ¶¶ 15, 16). Plaintiff then filed her Complaint asking the Court to "modify the decision of the defendant to grant plaintiff the maximum relief pursuant to the Federal Tort Claims Act." (Doc. 1 at ¶ 5).

Defendant then filed the present Motion to Dismiss, seeking to dismiss the Complaint for lack of subject-matter jurisdiction and for failure to state a claim on the grounds that: (i) the only proper party that can be named as a defendant in an FTCA case is the United States; (ii) claims arising out of processing of SSN applications are excepted from the FTCA waiver of sovereign immunity; and (iii) the Complaint fails to establish that any negligent act or omission on the part of an employee of the United States acting within the scope of his or her employment resulted in Plaintiff's injury. *See* (Doc.15 at 1).

Plaintiff subsequently filed the present Motion to Amend the Complaint, which seeks to add the United States as a defendant and to add additional allegations to state a claim. *See* (Doc. 17 at 1). Plaintiff included her proposed Amended Complaint with her Motion to Amend. *See* (Doc. 17 at 3-10). Defendant has not filed a response opposing the Motion to Amend the Complaint.

The Court grants Plaintiff's Motion to Amend her Complaint because Plaintiff may amend her Complaint once as a matter of course. Defendant has not filed a responsive pleading and Plaintiff filed her motion within 21 days after service of Defendant's Motion to Dismiss. *See* Fed. R. Civ. P. 15(a)(1)(B) (a party may amend its pleading once as a matter of course "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12 (b), (e), or (f), whichever is earlier").

Because it is granting Plaintiff's Motion to Amend the Complaint, the Court denies Defendant's Motion to Dismiss the original complaint as moot.

**IT IS THEREFORE ORDERED** that:

(i) Plaintiff's Motion to Amend Complaint, (Doc. 17), filed May 18, 2018, is **GRANTED.**

(ii) Defendant's Motion to Dismiss, (Doc. 14), filed April 30, 2018, is **DENIED as moot.**

(iii) The Clerk of Court shall file pages 3-10 of (Doc. 17), filed May 18, 2018, as Plaintiff's Amended Complaint.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE