IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BARBARA SILVA,

       Plaintiff,

v.                                                                 No. CV 17-1224 CG

SOCIAL SECURITY ADMINISTRATION,
Nancy A. Berryhill, Acting Commissioner
of Social Security Administration,

       Defendant.

## ORDER

**THIS MATTER** is before the Court *sua sponte*. The parties have consented to the undersigned to conduct dispositive proceedings in this matter. (Doc. 12). On April 25, 2019, the Court granted Plaintiff Barbara Silva's *Motion to Amend Complaint*, (Doc. 17), in accordance with Federal Rule of Civil Procedure 15(a)(1)(B).

This case is currently docketed as an appeal of the Social Security Administration's denial of disability insurance benefits based on Plaintiff's allegations in both her original and amended complaints. *See* (Doc. 23 at 1) (citing "section 205(g) and/or section 1631(c)(3) of the Social Security Act, 42 U.S.C. 405(g) and/or 1383 (c)(3)."). Indeed, Plaintiff repeatedly refers to "[t]he decision of the Administrative Law Judge" and asks the Court to "remand the case to the Commissioner of [*sic*] the Social Security." (Doc. 23 at 7).

However, Plaintiff's complaints also make allegations under the Federal Torts Claim Act ("FTCA") against the Social Security Administration and the United States of America. *See e.g.*, (Doc. 23 at 4) (citing 28 U.S.C. § 1346(b), a statute that pertains to the district court's jurisdiction to hear civil actions against the United States); (Doc. 23 at

7) (arguing that "[t]he controlling date for the purposes of [*sic*] Statutes of Limitations on *the FTCA in this case should be* […]") (emphasis added); *id.* (asking the Court to include the "Original SF95 Claim as evidence"); *id.* (asking the Court to "grant Plaintiff the maximum relief pursuant to the Federal Tort Claims Act").

The Court understands Plaintiff to be arguing for reversal of the Social Security Administration's written response that she received after submitting her SF95 form. *See* (Doc. 1 at 9). An SF95 is a form used by an individual to allege property damage, personal injury, or death caused by a federal employee. This form, or its functional equivalent, must be presented to the federal agency whose employee's conduct gave rise to the injury prior to the plaintiff filing a lawsuit under the Federal Torts Claim Act. Under 28 U.S.C. § 2675, an individual seeking redress in federal court pursuant to the Federal Torts Claim Act "shall have first presented the claim to the appropriate Federal agency and [her] claim shall have been finally denied by the agency in writing and sent by certified or registered mail."

The Social Security Administration's "denial" of Plaintiff's claim – i.e., its response to her SF95 form – does not require "remand" or "reversal." Rather, the denial of the SF95 is a prerequisite to bringing this case in federal court. *See Lopez v. U.S.*, 823 F.3d 970, 976 (10th Cir. 2016) ("[T]he FTCA bars would-be tort plaintiffs from bringing suit against the government unless the claimant has previously submitted a claim for damages to the offending agency") (quoting *McNeil v. U.S.*, 508 U.S. 106, 112 (1993)).

Ultimately, the Court concludes that, despite Plaintiff's references to the Social Security Act and her requests for remand of the Administrative Law Judge's decision, neither her Amended Complaint nor her original complaint alleges a denial of Social

Security disability benefits. Thus, having concluded that this case involves allegations under the Federal Torts Claim Act and not the Social Security Act, the Court does not have jurisdiction to hear such a claim against the Social Security Administration. Rather, the only proper party to an action under the Federal Torts Claim Act is the United States of America. *See e.g.*, *F.D.I.C. v. Meyer*, 510 U.S. 471 (1994) (concluding that a claim alleging a Federal Torts Claim Act violation is only actionable against the United States, not an agency of the Federal Government); *see also* 28 U.S.C. §§ 1346(b)(1), 2679(a).

Finally, the Court notes that Arash Kashanian, an attorney, purportedly wrote Plaintiff's Complaint. *See* (Doc. 1 at 6) ("Attorney Disclosure: This document was written by Arash Kashanian, Esq., an attorney licensed to practice in the state of New Mexico as well as the United States District Court for the District of New Mexico."). If Mr. Kashanian is representing Plaintiff in any capacity, he must enter his appearance on the docket and he must comply with the New Mexico Rules of Professional Conduct, the New Mexico Rules of Civil Procedure, and the Federal Rules of Civil Procedure. The Court further notes that Mr. Kashanian is indefinitely suspended from the practice of law in the State of New Mexico and therefore cannot practice before this Court in the District of New Mexico. The Court advises Mr. Kashanian that it will not permit the unauthorized practice of law.

In light of the above, the Court **ORDERS**:

(1) The United States Marshall serve a copy of the Summons and Amended Complaint on the United States Attorney;

(2) The Clerk of Court amend the case caption and add the United States of America as a Defendant to this action;

(3) The Clerk of Court amend the "Nature of Suit" and "Cause" in this case to reflect an action pursuant to the Federal Torts Claim Act;

(4) The Clerk of Court assign a referral Judge to this case and provide the United States of America an opportunity to consent to the undersigned to remain as the presiding Judge once counsel has entered their appearances; and

(5) The Social Security Administration be dismissed from this case for want of jurisdiction.

**IT IS SO ORDERED.**

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE