IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BARBARA SILVA,

       Plaintiff,

v.                                           CV 17-1224 MV/JHR

UNITED STATES OF AMERICA,

       Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter comes before the Court pursuant to the Order of Reference entered by presiding District Judge Martha Vazquez on August 28, 2019, which directed the undersigned Magistrate Judge to "perform any legal analysis required to recommend to the Court an ultimate disposition of [this] case." [Doc. 39]. The Court has carefully reviewed the docket, including Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment and Memorandum in Support [Doc. 31] and Ms. Silva's Response in Opposition to the government's Motion [Doc. 34]. Having done so, the Court finds that it lacks subject matter jurisdiction to consider Ms. Silva's claims under the Federal Tort Claims Act ("FTCA"), and therefore recommends that this case be dismissed without prejudice.[1]

## I.    INTRODUCTION

There is no question that Ms. Silva has been harmed. There is also no question that the United States government all but admitted fault for at least some of the harm Ms. Silva has endured because of its negligence in a letter it sent to her in November 2015. [Doc. 31-1, p. 7].

---

[1] "It is fundamental, of course, that a dismissal for lack of jurisdiction is not an adjudication of the merits and therefore dismissal must be without prejudice." *Brown v. Buhman*, 822 F.3d 1151, 1179 (10th Cir. 2016) (quoted authority and internal alterations omitted).

Unfortunately, the government's admission of fault in 2015 does not mean it must now pay Ms. Silva damages for what no one disputes happened in 1976 – when it issued her a social security number that belonged to another individual. The reason for this is straightforward. While the government is ordinarily immune from suit, Congress partially waived this immunity by enacting the FTCA. However, Congress also put a time limit on a victim's ability to pursue a claim: two years from the date the claim accrues. Ms. Silva argues that her claims in this case did not accrue until the government admitted fault in 2015, but the Court cannot agree. While the Court is not holding that Ms. Silva's claims necessarily accrued in 1993, it also finds that a reasonable person in Ms. Silva's position knew or should have known enough to seek professional representation or otherwise diligently search for the cause of her harm so as to enable her to pursue a claim sometime before 2015 (22 years after she was first made aware of the problem). To conclude otherwise would relieve Ms. Silva of her independent duty to protect her own legal and financial interests and undermine Congress' intent to place a reasonable temporal limitation on redress for the government's wrongful acts. Because the Court finds that a reasonable person in Ms. Silva's position should have discovered the cause of her damages before 2015, it must conclude that her suit against the government is barred by the FTCA's limitations provision – meaning that the Court lacks subject matter jurisdiction over this case, and that the case should be dismissed without prejudice.

## II.    BACKGROUND[2]

Ms. Silva was issued a social security number that belonged to someone else when she was 10 years old, in June of 1976. [Doc. 23, p. 1]. In late 1992, while she was enlisted in the Navy, Ms.

---

[2] The Court views the government's invocation of Rule 12(b)(1) and recitation of pertinent facts as alleged by Ms. Silva as a facial attack on the operative Complaint's invocation of the subject matter jurisdiction of the Court. Accordingly, the Court assumes the truth of the facts asserted in Ms. Silva's Complaint for the purposes of this decision. *See Holt v. U.S.*, 46 F.3d 1000, 1002-1003 (10th Cir. 1995).

Silva learned that a garnishment action was entered against her. [*Id.*]. In January 1993 she went to a Social Security Administration office and explained that someone else was using her social security number ("SSN"), that she had to keep clearing her credit report, and that she believed identity theft was involved. [*Id.*, p. 2]. While it issued Ms. Silva a new social security number and transferred wages paid from the old number to the new number for retirement purposes, the Administration did not correct Ms. Silva's impression that her identity had been stolen, and refused to provide sufficient documentation to allow Ms. Silva to clear her name and continue serving in the Navy, resulting in her decision to accept an honorable discharge after 15 years of service.

Plagued by creditors and governmental entities for years, Ms. Silva began reaching out to politicians for assistance in compelling the Administration to respond. Relevant here, she wrote to Senator Martin Heinrich in September 2015 seeking assistance, explaining that the Administration issued the same social security number to her and another person and that she had tried and failed to change her military records so she could re-enlist. [Doc. 31-1, p. 12]. In response to this inquiry Ms. Silva received a letter from the office of the Regional Commissioner of Social Security in November 2015, admitting "fault in assigning you the Social Security number – xxx-xx-xxxx – previously assigned to another individual…." [Doc, 31-1, p. 7]. In closing, the Administration stated its sincere regret for "the error and the problems and inconvenience [Ms. Silva] experienced" as a result of its error. [*Id.*].

In April 2017 Ms. Silva submitted an administrative claim to the Administration, which it denied on June 13, 2017. [Doc. 31-1, pp.1-2]. Ms. Silva then filed suit against the Administration on December 13, 2017. [Doc. 1]. After the Court determined that her claims arise under the Federal Tort Claims Act (rather than the Social Security Act) the Court substituted the United States as the proper Defendant. [*See* Doc. 26]. The government answered the operative Complaint on May 21,

2019. [*See* Docs. 23, 25]. The government filed its Motion to Dismiss on July 25, 2019. [Doc. 31]. Ms. Silva responded on August 5, 2019, [Doc. 34], and supplemented her claim with additional evidence (a letter certifying that she is receiving service-connected disability compensation from the Department of Veterans Affairs) on December 2, 2019. [Doc. 40].

In its Motion to dismiss, the government argues that, among other things, Ms. Silva's failure to file her administrative claim for damages within two years of the incident bars her suit under the FTCA's statute of limitations. [Doc. 31, p. 8]. The government contends that once Ms. Silva was aware of the problem with her social security number in late 1992 and the Administration refused to provide her with adequate documentation to satisfy the Navy in early 1993 she was both aware of her injury and its cause, meaning she was required to file suit before January, 1995. [*Id.*, p. 9]. In response, Ms. Silva argues that her claims against the government did not accrue until it admitted fault in November 2015, meaning she had until November 2017 to file suit because the cause of her injury was "inherently unknowable" and incapable of detection despite her reasonable diligence until the government admitted fault. [*See* Doc. 34, pp. 4, 8, 13, 15].

The government's Motion asserts that this case must be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). [Doc. 31, p. 4]. Thus, the determinative question here, and the linchpin of whether this Court has subject matter jurisdiction to hear Ms. Silva's claims, is whether her administrative claim accrued before April 2015 so that her claim was extinguished before it was filed in April 2017.

## III.   LEGAL STANDARDS

Federal courts are courts of limited jurisdiction, and they must presume that they lack jurisdiction unless the party invoking federal jurisdiction proves otherwise. *See Kucera v. Central Intelligence Agency*, 754 F. App'x 735, 738 (10th Cir. 2018) (unpublished). While pro se litigants

are afforded liberal construction of their pleadings, they are required to establish jurisdiction just as any represented party. *Id.*

As summarized by the Tenth Circuit in *Bayless v. U.S.*, 767 F.3d 958 (10th Cir. 2014), the Federal Government and its agencies are generally immune from suit except where immunity is waived through positive law, such as the enactment of the FTCA. *See id.* at 964-965 (citations omitted). Federal courts lack jurisdiction over tort claims against the government unless they are brought within the confines of the FTCA, which decrees that a tort claim against the government is "forever barred unless it is presented to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). Section 2401(b) thus requires reasonably diligent presentation of tort claims against the Government. *Bayless*, 767 F.3d at 964-965.

Ordinarily, the general accrual rule for FTCA claims is the "injury-occurrence rule," but in "exceptional" cases courts apply the "discovery rule": "the date of accrual is when that reasonably diligent plaintiff knows or should have known of both the existence and cause of the injury." *Id.* (citation omitted). The parties' arguments assume that the discovery rule applies here, and the Court agrees. The disagreement lies in when Ms. Silva discovered, or should have discovered, her injury and its cause.

## IV.   <u>ANALYSIS</u>

The Court rejects the government's position that Ms. Silva's claim accrued as soon as she was denied an acceptable letter for the purposes for re-enlisting with the Navy in early 1993. However, the Court also rejects the notion that Ms. Silva could wait for over 20 years, all the while enduring creditors and independently seeking to clear her name, to investigate and to bring a claim against the government to recover damages resulting from its negligent act (which itself occurred in 1976). The Social Security Administration's failure to provide Ms. Silva with appropriate

documentation to permit her to re-enlist with the Navy was one of many events that should have put Ms. Silva on notice that suit against the government was a possibility, if not necessary. As the Supreme Court recognized in 1979 and the Tenth Circuit reiterated in 1991, "[a]ccrual need not await 'awareness by the plaintiff that [her] injury was negligently inflicted.'" *Bradley v. Veterans Admin.*, 951 F.2d 268, 270 (10th Cir. 1991) (quoting *U.S. v. Kubrick*, 444 U.S. 111, 123 (1979)). As stated in *Kubrick*, the Supreme Court was

> unconvinced that for statute of limitations purposes a plaintiff's ignorance of [her] legal rights and [her] ignorance of the fact of [her] injury or its cause should receive identical treatment. That [s]he has been injured in fact may be unknown or unknowable until the injury manifests itself; and the facts about causation may be in the control of the putative defendant, unavailable to the plaintiff or at least very difficult to obtain. The prospect is not so bleak for a plaintiff in possession of the critical facts that [s]he has been hurt and who has inflicted the injury. [Sh]e is no longer at the mercy of the latter. There are others who can tell [her] if [s]he has been wronged, and [s]he need only ask.

444 U.S. at 122. What this means for Ms. Silva is that she was required to at least seek help, like hiring an attorney to investigate her claims, in order to toll the discovery period. Waiting over 20 years for the government to affirmatively admit fault before submitting a claim for damages for malfeasance committed decades earlier simply cannot be considered "reasonably diligent" for the purposes of the discovery rule.

The exact date Ms. Silva's claims accrued is not clear on the present record but, contrary to her position, it is clear that Ms. Silva was aware of the extent and cause of her injuries before the government admitted fault in November 2015. [Doc. 31-1, p. 12]. Moreover, even if the Court were to assume that Ms. Silva was not subjectively aware of the cause of her injuries, a reasonably diligent person in her position should have known or would have inquired further into the cause of her troubles before 2015. Without such a record here, Ms. Silva's administrative claim, and by extension this lawsuit, are untimely.

V.    **RECOMMENDATION**

Because Ms. Silva was aware or should have been aware of both the existence and cause of her claimed injuries more than two years before she finally decided to pursue a claim against the government, the Court finds and concludes that she failed to bring suit within the limitations period provided by the FTCA and that it lacks subject matter jurisdiction over this case. Therefore, the undersigned recommends that the Court dismiss this case without prejudice.

Wherefore,

**IT IS HEREBY RECOMMENDED** that the United States' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) [Doc. 31] be **granted**, and that this case be **dismissed without prejudice**.

_____
Jerry H. Ritter
U.S. Magistrate Judge

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).

**A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**