IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BARBARA SILVA,

      Plaintiff,

v.                                                                                                                No. 17-CV-1224 MV/JHR

UNITED STATES OF AMERICA,

      Defendant.

**MEMORANDUM OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING MAGISTRATE JUDGE RITTER'S SUPPLEMENTAL PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court on the Defendant United States' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment and Memorandum in Support. Doc. 31. In it, the United States asks the Court to dismiss *pro se* Plaintiff Barbara Silva's claim under the Federal Tort Claims Act (FTCA) that the United States caused her various financial and professional injuries when the Social Security Administration (SSA) assigned her the same Social Security Number (SSN) as another individual. *See id.* at 3. Ms. Silva seeks the "maximum relief" under the FTCA for the failures of SSA employees in: (1) issuing her the incorrect SSN; (2) ensuring the accuracy of the issuing employee's actions; and (3) recognizing the discrepancy in her retirement income as wages were earned. Doc. 23 at 1, 3, 4. Ms. Silva filed a response in opposition to the Motion to Dismiss [Doc. 34] and the United States did not file a reply. United States Magistrate Judge Jerry H. Ritter submitted his first Proposed Findings and Recommended Disposition (PFRD) recommending that this Court grant the United States' motion and dismiss Ms. Silva's lawsuit without prejudice for failure to timely bring suit within the FTCA's statute of limitations. Doc. 42. Ms. Silva timely objected to the PFRD and this Court sustained her Written

1

Objections [Doc. 43] and remanded the case to Magistrate Judge Ritter for further analysis of the remaining issues in the United States' Motion to Dismiss.  Doc. 44.

Concluding that the Court lacks subject matter jurisdiction over Ms. Silva's claims because the FTCA's exceptions apply, Magistrate Judge Ritter issued his Supplemental Proposed Findings and Recommended Disposition on November 12, 2020 [Doc. 46] and Ms. Silva filed timely written objections on November 25, 2020. Doc. 47. For the reasons stated below, the Court will **OVERRULE** Ms. Silva's objections, **ADOPT** the disposition recommended in the PFRD, **GRANT** the United States' motion [Doc. 31] and **DISMISS** this case **WITHOUT PREJUDICE**.[1]

## BACKGROUND

In his Supplemental PFRD, Magistrate Judge Ritter recommends that the Court dismiss Ms. Silva's lawsuit without prejudice because the statutory exceptions in the FTCA, as construed by various courts across the country, bar her claims. *See* Doc. 46 at 7–11 (citing 28 U.S.C. § 2680(h)).  According to the Magistrate Judge, Ms. Silva's claims, properly construed in light of the reputational and economic interests at stake, sound in: defamation, misrepresentation, interference with contractual rights, and infliction of emotional distress, all which are precluded by Section 2680(h) of the FTCA[2] or New Mexico common law as applied to the facts of this case. Doc. 46 at 7.  The Magistrate Judge reasons that if Ms. Silva seeks to recover for harm to her reputation due to defamatory statements made (implicitly or explicitly) by the SSA, her claims sound in defamation. Doc. 46 at 8–9 (citing *Jimenez-Nieves v. U.S.*, 682 F.2d 1, 3–4 (1st Cir.

---

[1] As Magistrate Judge Ritter noted, "a dismissal for lack of jurisdiction is not an adjudication of the merits and therefore dismissal must be without prejudice." Doc. 46 at 1 n.1 (quoting *Brown v. Buhman*, 822 F.3d 1151, 1179 (10th Cir. 2016) (quoted authority and internal alterations omitted)).

[2] Section 2680(h) lists exceptions to the FTCA over which the United States continues to enjoy sovereign immunity from suit.  These exceptions include "[a]ny claim arising out of … libel, slander, misrepresentation, deceit, or interference with contract rights." *See* 28 U.S.C. § 2680(h).

1982); *Bergman v. U.S.*, 751 F.2d 314, 317 (10th Cir. 1984); *Moessmer v. U.S.*, 760 F.2d 236, 237–38 (8th Cir. 1985); *Talbert v. U.S.*, 932, F.2d 1064 (4th Cir. 1991); *Smith v. Surden*, 2012-NMSC-010, ¶ 34, 276 P.3d 943).  To the extent that Ms. Silva seeks to recover for pecuniary loss resulting from the SSA's failure to use care in communicating her economic information or in interfering with her prospective economic advantage, the Magistrate Judge found that her claims sound in misrepresentation or interference with contract rights.  Doc. 46 at 9–10 (citing *Estate of Trentadue ex rel. Aguilar v. U.S.*, 397 F.3d 840, 854–55 (10th Cir. 2005); *Bergman*, 751 F.2d at 317; *Moessmer*, 760 F.2d at 237–38).  Finally, the Magistrate Judge found that, to the extent that Ms. Silva retains common law claims for negligent or intentional infliction of emotional distress by the SSA outside of these exceptions, she fails to state a claim under New Mexico law because the facts of this case do not satisfy the elements of those torts.  *See* Doc. 46 at 10 (citing *Castillo v. City of Las Vegas*, 2008-NMCA-141, 145 N.M. 205, 195 P.3d 870).

In her written objections to the Supplemental PFRD, Ms. Silva argues that "this case is a personal injury tort negligence case and does not sound in defamation nor does it fall under any of the exceptions under 2680(h)."  Doc. 47 at 5 (citing *Quinones v. United States*, 492 F.2d 1269 (3rd Cir. 1974)).  She then submits that the interference with contractual relations exception does not apply because Social Security is not a contract and the SSA's actions were intentional, though she later admits that "[n]ot following basic techniques to ensure accuracy … is a failure to exercise duty of care" sounding in negligence.  *Id.*  Ms. Silva also recognizes that New Mexico allows recovery for stand-alone emotional distress only in limited circumstances, but she argues that the specialized nature of her contractual relationship with the administration "naturally contemplated that reasonable care would be taken to avoid the infliction of severe emotional distress."  Doc. 47 at 3.  Ms. Silva concludes by asserting she is entitled to compensation for the SSA's abuse of its

governmental authority, drawing the analogy that private insurance companies are held accountable for errors that they make. *Id.* at 8. She asks the Court to reject the Supplemental PFRD and deny the Unites States' Motion to Dismiss. *Id.*

The United States also filed a Request for Supplementation and Recommendation to Report in which it agrees with the Magistrate Judge's dismissal of the case but disagrees with the Magistrate Judge's rejection of its argument that Ms. Silva's claims should be barred by Section 405(h) of the Social Security Act because they "arise" under the Act. Doc. 46 at 1. The United States submits that the "SSA typically takes a more expansive read of [the bar on lawsuits in] § 405(h)" but it does not cite any legal authority to explain why the SSA's broader interpretation of that section is correct. *See id*. The Court finds that it need not resolve this issue because it agrees with the United States' other bases for dismissal which the Magistrate Judge adopted in his PFRD.

## DISCUSSION

District Judges may refer dispositive motions to Magistrate Judges for proposed findings and a recommended disposition pursuant to 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). "Within 14 days after being served with a copy of the [magistrate judge's] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To preserve an issue for review, a party's objections must be "both timely and specific." *United States. v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). In reviewing such objections, the district judge must "make a *de novo* determinations of those portions of the [PFRD] … to which objection is made." 28 U.S.C. § 636(C); *see also* Fed. R. Civ. P. 72(b)(3). While the district judge must conduct a *de novo* review

of the record, no specific findings are required, and the Court may place whatever reliance it chooses on the magistrate judge's recommendation. *See Garcia v. City of Albuquerque*, 232 F.3d 760 (10th Cir. 2000); *United States v. Raddatz*, 447 U.S. 667, 676 (1980).

Ms. Silva does not disagree with the applicable legal standards set out by the Magistrate Judge. As noted, her disagreement is that her claims sound in intentional conduct and are thereby excluded from the FTCA's waiver of liability by Section 2680(h). Although at points she argues that the SSA's actions were intentional, Ms. Silva primarily argues that the SSA's failures were in exercising a duty of reasonable care—textbook negligence. Having considered Ms. Silva's objections and conducted a *de novo* review of the record, the Court overrules her objections. The one case supporting Ms. Silva's position that her claim does not sound in an exception to the FTCA, *Quinones*, 492 F.2d 1269, reasoned that defamation is distinct from and cannot be caused by simple negligence—permitting suit for reputational injuries arising from the negligent failure to maintain personnel records. This proposition has been rejected by several other federal courts of appeals, including the Tenth Circuit. *See Jimenez-Nieves*, 682 F.2d 1 at 3; *Bergman*, 751 F.2d at 317; *Moessmer*, 760 F.2d at 237–38; *Talbert*, 932, F.2d at 1067. Ms. Silva has presented no compelling or binding authority sufficient to permit the Court to depart from this majority reasoning. To the extent that Ms. Silva argues that her contractual relationship with the administration gave rise to a special duty of care under New Mexico law, the Court notes that Social Security is not a contract (which Ms. Silva admits). Moreover, any economic loss resulting from interference with future contracts Ms. Silva attempted to enter because of the SSA's failures are barred by Section 2680(h)'s exception for "claim[s] arising out of … interference with contract rights." § 2680(h).

Finally, Ms. Silva has alleged no conduct and provided no authority that permits the Court to allow a common-law claim of negligent or intentional infliction of emotional distress to proceed here, as the Magistrate Judge explains. *See* Doc. 46 at 10. As the New Mexico Supreme Court explained in *Fernandez v. Walgreen Hastings Co.*, 1998-NMSC-039, 126 N.M. 263, 968 P.2d 774, negligent infliction of emotional distress is an "extremely narrow tort that compensates a bystander who has suffered severe emotional shock as a result of witnessing a sudden, traumatic event that causes serious injury or death to a family member." *Id*. at 777. And to make out a case of *intentional* infliction of emotional distress, Ms. Silva must plead conduct on the part of the United States that is "extreme and outrageous," a standard which has been described as requiring conduct that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Castillo*, 195 P.3d at 876 (citations and internal quotations omitted). The Court agrees with the Magistrate Judge's conclusion that while the conduct Ms. Silva alleges is highly unfortunate and has no doubt caused her emotional distress over many years, she has not made out an actionable case of negligent or intentional infliction of emotional distress under the prevailing law.

## CONCLUSION

Ms. Silva suffered a wrong at the hands of the federal government and has experienced resulting financial and emotional harm. Unfortunately, as the Magistrate Judge found, the FTCA expressly bars her financial claims and New Mexico common law does not recognize her emotional distress claim. The Court accordingly concludes that the United States' Motion [Doc. 31] must be **GRANTED**, and that this case must be **DISMISSED WITHOUT PREJUDICE.**

Dated this 4th day of January, 2021.

_____
MARTHA VÁZQUEZ
United States District Judge

6